Case 4:18-cv-04411   Document 31   Filed on 06/01/21 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD AHMAD, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 4:18-CV-4411 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § § | |

## **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Pending before the Court[1] is Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Summary Judgment. ECF No. 20. This Court issued a Report and Recommendation ("R&R"), recommending that the motion be granted. R&R, ECF No. 24. Plaintiff filed objections, and Defendant filed a response. ECF Nos. 26, 27. After a hearing, United States District Judge Keith Ellison adopted the R&R as to the breach of contract and bad faith claims. Order, ECF No. 28. Because the Texas Supreme Court issued an opinion that is relevant to Plaintiff's Texas Prompt Payment of Claims Act ("TPPCA") claims after the R&R was issued and the objections were filed, Judge Ellison referred the motion

---

[1] The pending motion was referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 28.

1

for summary judgment for further review of the TPPCA claim and attorneys' fees. *Id.*; *see* ECF Nos. 29 & 30.

After reviewing the evidence, the parties' arguments, and the applicable law, the Court concludes that Defendant's motion for summary judgment on Plaintiff's TPPCA and attorney's fees claims should be denied.

# I.
# FACTUAL BACKGROUND

The essential facts are undisputed. Allstate insured Plaintiff's house under a Homeowners' Policy (the "Policy") for approximately $262,000 during the relevant period.[2] On August 27, 2017, Hurricane Harvey hit the Texas coast. On September 5, 2017, Plaintiff filed a claim with Allstate for weather related damages.[3]

Following three inspections,[4] the adjuster estimated the damages of Plaintiff's property at $13,558.81.[5] After reducing the estimate for depreciation and the deductible, on October 3, 2018, Defendant paid Plaintiff $3,446.53 for the storm damage.[6] Defendant separately paid $5,000 for mold damage on October 6, 2018.[7]

---

[2] Def.'s Exh. A-10, ECF No. 20-1 at 99–159, ECF No. 20-2 at 1–22.

[3] Pl.'s Exh. A, ECF No. 21-1 at 1; Def.'s Exh. A-3, ECF No. 20-1 at 63.

[4] Defendant inspected the Plaintiff's property on September 21, 2017 and on October 2, 2017. Def.'s Exh. A-1, ECF No. 20-1 at 12–16. After Plaintiff notified Defendant of his intent to file a claim under the insurance code, Allstate and Plaintiff scheduled another inspection on September 26, 2018. Pl's Exh. B, ECF No. 21-2 at 1.

[5] Def's Exh. A-3, ECF No. 20-1 at 72–75; Pl's Exh. C, ECF No. 21-3; ECF No. 22 at 3.

[6] Def.'s Exh. A-3, ECF No. 20-1 at 72–75.

[7] Def.'s Exh. A-11, ECF No. 20-2 at 24.

On October 23, 2018, Plaintiff filed this suit, asserting claims for breach of contract, bad faith, violation of the TPPCA, and attorney's fees.[8] After filing suit, Plaintiff demanded appraisal under the Policy,[9] which yielded an award of $28,618.2121 on a replacement cost basis and $24,039.38 on an actual cost basis.[10] Three days later, based on the replacement cost, Allstate paid the remaining $19,903.68, after reducing the award for the $5,248 deductible and the $3,466.53 prior payment.[11] Allstate also paid $4,820.94 to cover interest.[12]

Having obtained summary judgment on the breach of contract and bad faith claims, Allstate now re-urges its summary judgment on Plaintiff's TPPCA and attorneys' fees claims based on the most recent Texas Supreme Court precedent.[13] Plaintiff argues that the new precedent clarifies the law, and Allstate is not entitled to summary judgment.[14]

## II.
## SUMMARY JUDGMENT STANDARD

Rule 56 provides for summary judgment when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[8] Orig. Pet., ECF No. 1-5 at 7–8.
[9] Def.'s Exh. A-6, ECF No. 20-1 at 84.
[10] Def.'s Exh. A-8, ECF No. 20-1 at 92.
[11] Def.'s Exh. A-9, ECF No. 20-1 at 94.
[12] Def.'s Exh. A-9, ECF No. 20-1 at 8.
[13] ECF No. 29.
[14] ECF No. 30.

as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 300 (1986). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (internal quotation marks omitted).

When deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). The party moving for summary judgment bears the initial burden of production. *Celotex*, 477 U.S. at 330–31. "If the burden of production at trial lies with the nonmoving party, the movant may satisfy its initial burden by 'showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (quoting *Celotex*, 477 U.S. at 325). If the moving party fails to meet this initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008).

## III.
## LEGAL ANALYSIS

Allstate asserts that, despite the new precedent, its motion should be granted for two reasons: (1) Allstate claims to have paid any interest Plaintiff could allegedly be owed under the TPPCA, so Plaintiff is not entitled to any additional damages, and

4

(2) Texas Supreme Court precedent resolves insurance claims that originated before the Legislature enacted Texas Insurance Code section 542A, and therefore did not address the applicable attorneys' fee provision at issue. ECF No. 29 at 1–3. Plaintiff argues Defendant's motion for summary judgment on Plaintiff's TPPCA claims must be denied. ECF No. 30 at 1–3.

### A. Prompt Payment of Claims Act Sets Deadlines For Payment of Claims.

The TPPCA imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims. TEX. INS. CODE. § 542.054. "Though the TPPCA's purpose relates specifically to prompt *payment* of claims, the TPPCA also contains specific requirements and deadlines for responding to, investigating, and evaluating insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019) (citing TEX. INS. CODE. § 542.055–.056).

Under the TPPCA, within fifteen days of receiving notice of a claim, an insurer must acknowledge the claim, begin an investigation, and request necessary information. TEX. INS. CODE § 542.055. The insurer must notify the insured of acceptance or rejection of the claim within fifteen days of receiving all information required to determine the proof of loss. *Id.* § 542.056 (a). If the insurer rejects a claim, it must state its reasons. *Id.* § 542.056 (c). If the insurer accepts the claim, it must pay the claim no later than five business days from the date the insurer provides

5

notice it will pay the claim. *Id.* § 542.057 (a). If an insurer that is liable for a claim under an insurance policy delays payment of the claim for more than the applicable statutory period or sixty days, the insurer will be liable for damages, including 18% interest on the claim and reasonable and necessary attorney's fees. *Id.* § 542.058 (a) & .060(a).

### B. *Hinojos* Resolves Question of Liability Based on Partial Payment Within Statutory Period.

Prior Texas Supreme Court precedent left unresolved whether payment of an appraisal award after accepting a claim and making partial payment within the statutory period absolves an insurer of liability for damages under the TPPA.[15] In *Hinojos v. State Farm* Lloyds, the Texas Supreme Court ruled that it does not. No. 19-280, 2021 WL 108085, at *1 (Tex. March 19, 2021). The Court held that "an insurer's acceptance and partial payment of the claim within the statutory deadline does not preclude liability for interest on amounts owed but unpaid when the statutory deadline expires." *Id.* at *5. The Court interpreted the statutory definition of a "claim" as the amount that "must be paid by the insurer" to require the claim to be paid in full. *Id*. at *4. The Court rejected the "reasonableness" interpretation other courts applied to determine whether the initial partial payment during the statutory

---

[15] In *Barbara Technologies Corp. v. State Farms Lloyd*, 589 S.W.3d 806 (Tex. 2019), the insurer first rejected the claim and then paid the appraisal award during litigation. The Court held that payment of the appraisal did not absolve the insurer of TCPPA liability. Summary judgment was reversed because fact issues remained as to whether plaintiff could prevail on its claim.

6

period was sufficient to relieve the insurer of TPCCA liability. *Id.* at *5.[16] Nothing in Chapter 542 discharges prompt payment liability based on a partial payment. *Id*. Otherwise, the Court observed, an insurer could pay a nominal amount towards a claim to avoid the prompt payment liability based on a partial payment. *Id.* The TPPCA was enacted to ensure prompt and full payment. "By requiring insurers to promptly satisfy claims that they owe in their entirety, the Legislature incentivizes insurers to resolve disputes and invoke the appraisal process sooner rather than later." *Id*.

The Court also found the Legislature placed the burden of expediting the appraisal process on the insurer, not the insured. *Id.* at *6. Even though appraisals create inevitable delay, the responsibility was on the insurer to seek prompt resolution of a disputed claim through appraisal to avoid statutory interest on amounts that were not promptly paid. *Id.*

Thus, a partial payment of a claim within the statutory period does not relieve an insurer of its TPPCA liability. Although it does not relieve the insurer of liability, a partial payment mitigates the damages owed by reducing the interest incurred. *Id.*

---

[16] *See, e.g., Hyewon Shin v. Allstate Texas Lloyds*, No. 4:18-cv-01784, 2019 WL 4170259, at *2 (S.D. Tex. Sept. 3, 2019) (relying on *Mainali Corp. v. Covington Specialty Ins.*, 872 F.3d 255, 259 (5th Cir. 2017)) (holding that an insurer did not violate the TPPCA when it accepted a claim and complied with the TPPCA's requirements to investigate and evaluate a claim and pay the claim, but later made a more substantial payment based on the appraisal, finding that the initial payment was reasonable)); *accord Reyna v. State Farm Lloyds*, No. H-1903726, 2020 WL 1187062, at *4 (S.D. Tex. Mar. 12, 2020) (same).

When a pre-appraisal timely payment is made, the statutory interest accrues only on the unpaid portion of a claim. *Id.* Thus, an insurer who made a timely partial payment will be responsible for the interest amount owed on the unpaid portion of a claim in addition to reasonable and necessary attorney's fees.

### C. Allstate Claims It Is Entitled To Summary Judgment Because Plaintiff Cannot Recovery Any Further Damages.

The parties do not dispute that Allstate accepted the claim, made a pre-appraisal partial payment, or that the appraisal award was paid outside the statutory deadline. ECF Nos. 29 & 30. Under *Hinojos,* Allstate's partial payment within the statutory deadline and payment of the appraisal award beyond the statutory deadlines violated the TPPCA. 2021 WL 108085, *4-5. The parties do not agree that the pre-appraisal partial payment was made within the statutory period.[18] Nonetheless, under *Hinojos*, Allstate is responsible for 18% statutory interest on the portion of the payments paid beyond the statutory deadline as well as reasonable and necessary attorney's fees. *Id.* Allstate argues, however, that it is entitled to summary judgment because it paid the full amount of any conceivable statutory interest with the appraisal award so Plaintiff is not entitled to further damages, and therefore under

---

[18] Plaintiff contends that Defendant has failed to provide a full and complete payment of Plaintiff's damages within the statutory time period—sixty days of the claim being submitted—and can thus be held liable for the applicable statutory damages under the TPPCA. ECF No. 21 at 8. In its Reply, ECF No. 22, Defendant argues that Allstate's pre-appraisal payment was timely considering Plaintiff's delay in proceedings. ECF No. 22 at 3.

the new attorneys' fee provision cannot recover any fees. Plaintiff argues that payment did not foreclose his right to pursue his TPCCA claims and recover the full amount of interest due as damages and attorneys' fees.

### 1. *Allstate's argument that its payment of interest forecloses further damages has no merit.*

Allstate asserts that summary judgment is warranted because it paid the accrued 18% statutory interest with the appraisal award. ECF No. 29 at 1–2.

In *Martinez*, Allstate made an identical argument, that pre-paying the statutory interest should render Plaintiff's TPPCA claim moot. *Martinez v. Allstate Vehicle & Property Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020) (J. Ellison). The Court rejected Allstate's argument, noting that, under Texas law, for Allstate's payment of interest to constitute a settlement of the claim "there must be evidence of a mutual intent to avoid litigation by accepting a contract and relinquishing the relevant legal claims." *Id*. (citing *Priem v. Shires*, 697 S.W.2d 860, 863–64 (Tex. Ct. App.—Austin 1985)).

As the movant, Allstate bears the burden of proof on summary judgment. Allstate has failed to establish that the payment of interest was in fact a settlement of the TPPCA claim. All indications are to the contrary. Plaintiff disputes that he accepted the payment in release of his TPPC claim. ECF No. 30 at 6. Likewise, Allstate continues to contend that it did not waive liability and seeks to show that it did not have to make the payments for appraisal or interest. ECF No. 29 at 4; *see*

9

ECF No. 20 at 23; ECF No. 22 at 9. Because Allstate failed to provide uncontroverted evidence of mutual intent to resolve the TPPCA claim, Allstate's payment of the statutory interest does not constitute a settlement or conclusively establish that the TPPCA claim was resolved.[20] Thus, Allstate is not entitled to summary judgment on this basis.

Moreover, Allstate has not established that it paid all the interest due. The appraisal award was set in the appraisal process. Interest was not. Allstate owes 18% per annum on the underpaid amount from the date it should have paid the claim in full. Allstate failed to prove how it calculated the amount of interest due. ECF No. 20-1 at 81-82 (payment letter). Allstate provided no evidence of the date from which it calculated the interest due or that there is no dispute that is the appropriate date from which to calculate interest due. *Id.; see, e.g.,* ECF No. 30 at 2 n. 2; ECF No. 21 at 9 (Allstate did not pay the remaining amount of the claim until 862 days after it said it had all the information it needed.).[21]

---

[20] Defendant also cites *Ortiz* for the proposition that when only attorney's fees are at issue, a plaintiff cannot pursue the claim. ECF No. 29 at 2 (citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (rejecting argument that a plaintiff can pursue bad faith claim exclusively for recovery of attorneys' fees when no additional damages were shown after plaintiff recovered appraisal award for breach of contract damages)). Allstate similarly made this argument in *Martinez*. 2020 WL 6887753, at *3. The Court rejected the argument because Allstate had not conclusively shown that the TPPCA claim had been resolved. *Id.* The same analysis applies here. In addition, Allstate has not conclusively established that Plaintiff is not entitled to additional interest, which are his statutory damages. Thus, the rationale in *Ortiz* is inapplicable.

[21] According to the Plaintiff, Allstate was required to complete its claims investigation and pay Plaintiff's entire claim damages within 60 days of the filing of the original claim. Pl.'s Response, ECF No. 21 at 7. Plaintiff alleges that after the initial inspection, on October 17, 2017, Allstate

Because Allstate has failed to establish that it paid every dollar to which the Plaintiff is entitled as damages, its summary judgment on that basis should be denied.[22]

### 2. *Allstate's argument that Plaintiff is not entitled to any attorneys' fees also fails.*

Allstate also argues that it is entitled to summary judgment because unlike *Hinojos* and *Barbara Technologies*, the insurance policy at issue here occurred after the addition of Chapter 542A which contains a new formula for determining attorneys' fees. ECF No. 29 at 2–4. Allstate argues that under Section 542A.007, Plaintiff is not entitled to recover any attorney's fees. ECF No. 29 at 3.

The new statutory formula for calculating attorneys' fees ties the recoverable

---

determined that "no further information was required" to assess the claim. ECF No. 21 at 3. Plaintiff asserts it was only after he notified Allstate that it failed to include certain damages in its initial estimate and he sent a notice letter of his intent to file a claim that Allstate performed a second inspection on September 27, 2018 and issued an amended estimate on October 1, 2018. *Id*. at 3. Plaintiff claims that Defendant untimely made a partial payment more than year after the claim was filed and only after Plaintiff retained counsel. *Id*. at 7.

Defendant argues that Plaintiff incorrectly asserts that Allstate was required to complete its claims investigation within 60 days. Def.'s Reply, ECF No. 22 at 4. To the contrary, Defendant asserts that Allstate timely handled Plaintiff's claims because it made its payment within fifteen days after it was permitted to inspect Plaintiff's newly reported damages. *Id*. Defendant claims that when Allstate first inspected the property on September 21, 2017, it was not permitted to inspect the interior. *Id*. Defendant also asserts that Plaintiff never sent requested photos to support the interior damage claim. *Id*. Plaintiff also failed to provide requested technician reports, and removed damaged property before Allstate had an opportunity to inspect, preventing Allstate from receiving information necessary for a timely estimate. *Id*. at 3–4. Allstate contends it made a timely payment for all damages considering Plaintiff's delay. *Id.* at 4.

[22] Plaintiff is entitled to pursue his TPPCA claim even if his damages would be offset by any overpayment Allstate claims to have made. *Martinez*, 2020 WL 6887753, at *2 (denying defendant's summary judgment "even if [plaintiff's] damages would need to be offset by any overpayment").

11

amount to "the amount to be awarded in the judgment for the claimant's claim under the insurance policy for damage to or loss of covered property." TEX. INS. CODE § 542A.007(a)(3)(A). Allstate argues that, since it already paid the appraisal award, which resolves the amount due under the policy, and all the statutory interest to which Plaintiff is entitled, under this formula the attorney's fees would amount to zero because there is no additional amount to which Plaintiff is entitled. ECF No. 29 at 3–4.

As Allstate admits, this argument is predicated on Allstate being entitled to summary judgment on "all of [Plaintiff's] claims" and there being "no additional damages [Plaintiff] can recover for his TPPCA claim." *Martinez,* 2020 WL 6887753 at *3; *see* ECF No. 20 at 23. First, as already discussed, under *Hinojos*, Allstate is not entitled to summary judgment on Plaintiff's TPPCA claims.[24] Second, as already

---

[24] Allstate cites to cases in which the court granted it summary judgment on this basis. ECF No. 29 at 3–4 (citing *Pearson v. Allstate Fire and Casualty Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at *2 (N.D. Tex. Jan. 17, 2020); *Trujillo v. Allstate*, No. H-19-3992, 2020 WL 612313, at *5 (S.D. Tex. Aug. 20, 2020)). These cases were decided before the Texas Supreme Court's decision in *Hinojos* and therefore are no longer good law. In *Pearson*, the court placed the burden of seeking appraisal on the Plaintiff to find no further damages were warranted, which is not permitted under *Hinojos*. 2020 WL 264107, at *4. In *Trujillo,* the court excused liability based on a partial payment within statutory deadlines, but assumed Plaintiff could recover, and found the uncontroverted evidence was that the insurer's paid all the interest to which Plaintiff was entitled. 2020 WL 612313, at *5. The opinion does not set forth what evidence the insurer presented to determine the calculation of the interest paid and seems to improperly shift the burden to plaintiff to put forth evidence of the required interest calculation under the statute. In this case, the uncontroverted evidence does not establish that Allstate paid all the interest to which Plaintiff is entitled as a matter of law. Allstate's mere statement that the amount paid was all the interest to which Plaintiff was entitled is not evidence. Here, there are disputed fact issues for trial, including the date by which Allstate had all the information it needed to pay the claim in full, which will be determinative of the amount of interest owed.

discussed, Allstate has failed to establish as a matter of law that it paid all the interest to which the Plaintiff is entitled. Thus, Allstate has failed to show that there are no additional damages Plaintiff can recover. Allstate's argument that Plaintiff is not entitled to attorney's fees under Chapter 542A.007, therefore, is without merit.

Accordingly, Defendant's motion for summary judgment as to Plaintiff's TPPCA claim for attorneys' fees should be denied.

## IV.
## CONCLUSION

The Court recommends that Defendant's Motion for Summary Judgment, ECF No. 20, as to Plaintiff's TPPCA claims and attorneys' fees should be **DENIED.**

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on June 1, 2021.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**